(R.D. 11573)

FERNANDEZ & CO., INC. *v.* UNITED STATES

Entry No. 6938.

(Decided August 22, 1968)

*Jose R. Martinez* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Andrew P. Vance* and *Robert T. Richardson,* trial attorneys), for the defendant.

RAO, Chief Judge: This is an appeal for reappraisement of an importation of almond nougats exported from Spain in October 1963. The shipment was appraised upon the basis of the foreign value of similar merchandise as provided in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at 45 Spanish pesetas per tin, net packed, which the record shows equals approximately 72 cents in American currency.

It is the claim of plaintiff herein that the proper basis of appraisement is statutory export value as defined in section 402a(d) of said tariff act, as amended, and that such value is the entered value of U.S. 63 cents per tin, net packed.

In the valuation statute applicable to this importation by virtue of its being included by name on the list of articles subject to appraisement upon the basis of value originally defined in the Tariff Act of 1930 (T.D. 54521), the following is provided:

Section 402a, as amended, *supra,*

(a) BASIS.—For the purposes of this Act the value of imported articles designated by the Secretary of the Treasury as provided for in section 6(a) of the Customs Simplification Act of 1956 shall be—

    (1) The foreign value or the export value, whichever is higher;

\*      \*      \*      \*      \*      \*      \*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of

such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

It is also provided by statute (28 U.S.C., section 2633) that—

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

The cases are legion which have explained and defined the scope of the burden of a plaintiff who seeks a reappraisement of imported merchandise. It has been said that the burden is twofold requiring not only the negation of the value found by the appraising official but also affirmative proof of the claimed value in accordance with every element set forth in the statutory definition thereof. See *Kenneth Kittleson* v. *United States*, 40 CCPA 85, C.A.D. 502, and cases cited therein on page 89.

A classic discussion of the principles obtaining in a reappraisement case of this kind is to be found in *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495, wherein the following is stated:

By statutory provision[1] Congress has directed that (1) the value found by the appraiser shall be presumed to be the value of the merchandise and (2) the burden shall rest upon the party who challenges its correctness to prove otherwise.

To sustain his burden of proof, and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264, citing *United States* v. *T. D. Downing Co. (George H. Sweetnam, Inc.)*, 20 C.C.P.A. (Customs) 251, T.D. 46057. It is clear, from a reading of section 402 (c) and (d), *supra*, that in order to prove foreign value or export value as a basis for a valid reappraisement, *the appellant must establish, inter alia, the usual wholesale quantities* in which such or similar merchandise involved was freely offered for sale to all purchasers in the principal markets of the country from which exported, etc. * * * [Emphasis quoted.]

Implicit in the appraised value is a finding of all facts necessary to support it (*Hudson Shipping Co., Inc.* v. *United States*, 43 CCPA

---

[1] This provision appeared in section 501 of the Tariff Act of 1930, 19 U.S.C. § 1501, until June 25, 1948, when it was removed from that section to section 2633, Title 28, U.S.C.

19, C.A.D. 604), and, in view of the statutory provisions hereinabove quoted, an appraisement upon the basis of the foreign value of similar merchandise presupposes the nonexistence of a foreign value of such merchandise, and that there was no higher export value.

In order for plaintiff in the case at bar to sustain its contention that the claimed export value of 63 cents per tin was correct, it was incumbent upon it to show either that there was no foreign value of similar merchandise or that, if there was a foreign value for such or similar merchandise, it was not higher than the export value of such or similar merchandise.

A careful scrutiny of the evidence of record in this case indicates that it is totally insufficient to establish either essential fact. What has been shown through the testimony of Rodolfo Morales Ramirez, president of plaintiff, Fernandez & Co., Inc., the importer of the merchandise at bar, is that plaintiff is the sole distributor in Puerto Rico of the candy and confectionery produced by the Spanish firm of Francisco Sala Miquel, S.A., and that it purchased the merchandise at bar for 63 cents per tin, less a discount and commission. A pricelist corroborating that price for standard quality nougats was received in evidence as plaintiff's exhibit 5 (its English translation is in the record as plaintiff's exhibit 3). Although this exhibit appears to be labeled "PRICES CAMPAIGN 1963 'Export'," it was not shown to have been circulated to the trade in the United States or to represent prices to other purchasers than plaintiff. On the contrary, according to the witness, the prices on the list were those "quoted to us as exclusive representative."

Indeed the witness was unable to provide any information concerning other transactions the exporter may have had with other American purchasers, nor did he have any knowledge of, or familiarity with, the domestic market in Spain. He merely produced as an alleged pricelist a series of invoices purportedly showing sales in Spain of such merchandise at 35.20 pesetas per tin (plaintiff's exhibits 4 and 6, are the English and Spanish versions, respectively).

Since export value under the Tariff Act of 1930 as originally enacted contemplates a price at which such or similar merchandise is freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade, sales to an exclusive distributor are in derogation of the statutory requirements and, hence, have never been considered as determinative of such value. *United States* v. *Malhame & Co.*, 24 CCPA 448, T.D. 48911; *United States* v. *Empire Distributors, Successor to Empire Wholesalers*, 33 Cust. Ct. 568, A.R.D. 47. And a pricelist which has not been distributed to the trade possesses no evidentiary value. *United States* v. *Philipp Brothers Chemicals, Inc.*, 46 Cust. Ct. 803, A.R.D. 134.

Consequently, in the absence of a showing of sales or offers of sale to other American purchasers under the terms and conditions provided in the statute, export value has not been proven and, irrespective of the correctness of the appraisement, an alternative value has not been substantiated.

Here, moreover, there has been no evidence addressed to the issue of foreign value of *similar* merchandise and the so-called pricelist purporting to establish a price for *such* merchandise fails to reveal whether the quantities sold were the usual wholesale quantities; whether the prices varied with the quantities sold; whether the prices quoted were freely offered to all purchasers; or whether or not the particular transactions were in the ordinary course of trade.

A record such as this is devoid of the elements of proof essential to negative the appraised value or to establish the claimed value. Accordingly, the court makes the following findings of fact:

1. The merchandise involved in this appeal for reappraisement consists of almond nougats exported from Spain.

2. The subject merchandise was invoiced and entered at 63 cents per tin, net packed, and appraised upon the basis of the foreign value of similar merchandise at 45 Spanish pesetas per tin, net packed, pursuant to the provisions of section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. The record is barren of substantial evidence of any other value than that returned by the appraiser.

The court therefore concludes that the presumptively correct value found by the appraiser is the value of the merchandise at bar.

Judgment will be entered accordingly.